IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### FEBRUARY TERM, 1910.

---

BOARD OF RAILROAD COMMISSIONERS OF NEW JERSEY
v. DELAWARE, LACKAWANNA AND WESTERN RAIL-
ROAD COMPANY.

Submitted April 16, 1909—Decided April 1. 1910.

1. An alternative writ of *mandamus*, sued out against a railroad cor-
poration to compel it to comply with an order made by the board
of railroad commissioners under authority conferred upon it by the
act of May 15th, 1907, is only required to exhibit facts sufficient
to show that the order was made in a matter over which the board
had jurisdiction. and after notice given and a hearing afforded to
the corporation.

2. *Mandamus* is an appropriate remedy for enforcing orders made by
the board of railroad commissioners in pursuance of the authority
conferred upon it by the above-mentioned act.

---

On demurrer to alternative writ of *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and PARKER.

219

For the demurrant, *William D. Edwards* and *Max M. Stall-man.*

For the relator, *Edmund Wilson,* attorney-general, and *Nelson B. Gaskill,* assistant attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relator in the present case is a public board created by an act of the legislature approved May 15th, 1907, and entitled "An act to create a board of railroad commissioners for the State of New Jersey, and to prescribe its powers and duties." *Pamph. L.* 1907, *p.* 448. By the eighth section of the act the board is given power "to make all necessary orders requiring any railroad company operating in this state to furnish proper and adequate transportation facilities and stations in accordance with the judgment of said board for the proper transportation of passengers and property." Obedience to every such order is made compulsory, subject, however, to the right of a company, in case it is dissatisfied therewith, to have the propriety thereof adjudicated by this court upon application made by it for that purpose. The section further provides that upon failure of a railroad company to comply with any such order directed to it, the board shall report such failure to the attorney-general, who is thereupon required within thirty days "to institute proper proceedings to enforce such order of said commission, to recover suitable penalties or damages, or to institute proceedings in equity, *mandamus,* injunction, receivership proceedings or other civil remedies." In addition to these remedies the ninth section of the act provides that the commission "may proceed by a suit in equity to compel the specific performance of the order or orders so made."

The alternative writ in this case contains the following averments: That the defendant company is, and for years has been, operating a railroad in this state; that prior to the month of November, 1907, it maintained and operated a station at Wyoming, in Essex county, for the accommodation of passengers traveling to and from that place; that in the month

of November, 1907, it closed this station, and ceased the stopping of trains thereat; that complaint of such action was thereupon made to the relator, who caused notice thereof to be given to the defendant, and conducted a hearing upon such complaint in the presence of the parties complaining, and of representatives of the defendant, and, after due consideration, did determine that the defendant should reinstate such station, and furnish proper and adequate transportation facilities in connection therewith, and did make an order to that effect, and caused a copy thereof to be served upon the defendant; that the defendant neglected and refused to comply with that order, and that the relator thereupon reported such failure to the attorney-general. The writ concludes with a command to the defendant to comply with the direction of the order made by the relator, or to signify to this court cause to the contrary thereof.

The grounds upon which the demurrer is rested are—*first,* that the writ fails to set forth facts sufficient to show the existence of a legal right in the relator to the relief commanded by the writ; and *second,* that it fails to show that the relator has no adequate remedy or means of relief by other legal process or proceedings.

The first ground of demurrer is not pressed before us with much vigor by counsel for the defendant. We are not told why the facts recited in the alternative writ are not sufficient (unexplained and uncontradicted) to entitle the relator to a peremptory writ commanding obedience to its order; except that it is suggested that the fairness and propriety of the relator's order should affirmatively appear upon the face of the writ. If by this is meant that the writ should recite all the facts which were submitted to the relator as the foundation for its action in making its order, we think the suggestion unsound. All that the alternative writ is required to exhibit, in this regard, is that the order made by the board is valid. And this I think it does. It shows that the order was made in a matter over which the relator had jurisdiction; that it was made after notice given to the company, and after it had been afforded a hearing. Such an order is presumptively valid,

and must be so considered until its invalidity is made to appear.

The principal question raised by the demurrer is stated by counsel for defendants in their brief to be "Whether, under the statute of 1907 creating the board and defining its powers, *mandamus* is the appropriate remedy for enforcing its orders." The contention of the defendants is that where the effort is to enforce the orders of the commission, the only procedure permitted is that pointed out by section 9 of the act, namely, a suit to compel the specific performance thereof. This contention seems to us clearly untenable. The eighth section of the act provides that upon the report of the commission to the attorney-general of the failure of a railroad company to comply with its order, that officer shall "institute proper proceedings" to enforce it. The proper proceeding for compelling a *quasi*-public corporation—such as a railroad company—to perform duties imposed upon it by statute is *mandamus*. *Bridgeton* v. *Traction Co.*, 33 *Vroom* 592, and cases cited. The act of 1907 imposes upon all these corporations the duty of complying with all reasonable and just orders made by the board, and they are, therefore, subject to be proceeded against by *mandamus* for failure to do so, in the absence of any statutory provision exempting them therefrom. The eighth section not only directs the attorney-general to institute proper proceedings to enforce obedience of the orders made by the board, but it specifies that those proceedings may be in equity, or by *mandamus,* injunction, or other civil remedy. The force claimed for the ninth section of the act by counsel for the defendants can only be given to it by attributing to the legislature the intent to take away from the Supreme Court, in this particular instance, without an apparent reason therefor, one of its prerogative powers, and further to repeal by implication what it had just enacted in the preceding section. There is absolutely nothing in the act which would justify the attributing of such a remarkable intention to the lawmaking body; and to do so without such a justification would be an unpardonable offence against jurisprudence.

It was contended by counsel for defendant upon the argument that the demurrer should be sustained for the reason that the command of the writ is uncertain and indefinite. The specification of grounds of demurrer filed by the defendant do not present this contention, and it therefore cannot now be considered.

The relator is entitled to judgment on the demurrer.